IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTOPHER LEWIS BARROW,      )
                               )
        Petitioner,            )
                               )
                               )        CASE NO. 2:11-CV-116-WHA
                               )              [WO]
                               )
RUSSELL THOMAS, et al.,        )
                               )
        Respondents.           )

**ORDER**

This case is before the court on an action styled as a "Petition for Writ of Mandamus"

filed by Christopher Lewis Barrow["Barrow"], a county inmate.  In this petition, Jones seeks

an order from this court directing officials at the Pike County Jail to provide him with

necessary medicines and medical treatment.  The All Writs Act provides "[t]he Supreme

Court and all courts established by Act of Congress may issue all writs necessary or

appropriate in aid of their respective jurisdictions and agreeable to the usages and principles

of law."  28 U.S.C. § 1651(a).  The Act's statutory language, "in aid of their respective

jurisdictions, does not empower a district court to create jurisdiction where none exists."

*Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998).  "To the contrary,

a court may issue orders under the Act only to protect a previously and properly acquired

jurisdiction."  *Id.*  While the law is well settled that federal district courts have original

jurisdiction of any action in the nature of mandamus to compel an officer or employee of the

United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal

courts are without jurisdiction to issue writs compelling action by state officials in the

performance of their duties where mandamus is the relief sought.[1]  *Moye v. Clerk, DeKalb*

*County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96,

97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior*

*Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).  Thus, this court has no

mandamus jurisdiction over the officials responsible for the plaintiff's medical treatment

while in the Pike County Jail.  However, it is clear that this court does have jurisdiction to

consider the plaintiff's claims for relief in an action filed pursuant to 42 U.S.C. § 1983.

In light of the foregoing, it is

ORDERED that this cause of action be and is hereby construed as a complaint filed

under 42 U.S.C. § 1983.

Done this 23rd day of February, 2011.


　　　　　　　　　　/s/ Susan Russ Walker　　　　　　　　　　
　　　　　　　　　SUSAN RUSS WALKER
　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1]Under all facets of Alabama law, a county sheriff and his jailers act as state officers "when supervising inmates and otherwise operating the county jails." *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998); *see* Ala. Const. Art. V, § 112 (designates sheriff and, by extension, his staff as members of State's executive department); *see also Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) (county sheriff is executive officer of the State).