IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEWIS BARROW, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>RUSSELL THOMAS, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO. 2:11-CV-116-WHA<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Christopher Lewis Barrow ["Barrow"] initiated this civil action challenging the medical treatment provided to him during his confinement at the Pike County Jail. On February 23, 2011, this court entered orders, copies of which the Clerk mailed to Barrow. The postal service returned these orders because Barrow no longer resided at the address he had provided for service. In light of the foregoing, the court entered an order requiring that on or before March 10, 2011, Barrow inform the court of his present address. *Order of March 3, 2011 - Court Doc. No. 4*. This order specifically cautioned Barrow that his failure to comply with its directives would result in a recommendation that this case be dismissed. *Id*. Barrow has filed nothing in response to the aforementioned order. The court therefore concludes that this case is due to be dismissed.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to properly prosecute this action.

It is further

ORDERED that on or before April 4, 2011, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 21 day of March, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE